IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTONIO DUDLEY, TDCJ #00567960, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-937 |
| LORIE DAVIS, | § § § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER OF DISMISSAL**

Petitioner Antonio Dudley ("Dudley"), *pro se*, has filed an application for a writ of habeas corpus again challenging his 2015 parole revocation. Docket Entry No. 1. For the reasons that follow, the petition will be dismissed without prejudice as a successive petition.

**I. Successive Petition**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which governs Dudley's claims, "made it significantly harder for prisoners filing second or successive federal habeas applications . . . to obtain hearings on the merits of their claims." Graham v. Johnson, 168 F.3d 762, 772 (5th Cir. 1999). Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application is filed in a district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. This Court has no jurisdiction to

consider claims in a habeas action that is "second or successive" unless authorized by the Fifth Circuit. 28 U.S.C. § 2244(b)(3)(A); see also Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003) ("'[Section] 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one'") (quoting United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam)). The issue of whether a habeas corpus petition is successive may be raised by the district court sua sponte. See Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997).

Court records indicate that Dudley has filed at least one prior federal habeas corpus petition to challenge his 2015 parole revocation, raising the same claims as he raises in his present petition. See Dudley v. Davis, No. H-15-3410 (S.D. Tex. Sept. 30, 2016) (dismissed with prejudice on the merits). Because there is no indication that Dudley has received authorization to file a successive petition from the Fifth Circuit, this Court is required to dismiss Dudley's petition without prejudice to refiling if and when he receives the authorization to file a successive petition from the appellate court. See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 127 S. Ct. 793, 796 (2007) (holding that a district court lacks jurisdiction to hear a second or successive petition and that a petitioner asserting new claims in connection with that state

court judgment must first obtain authorization from the Court of Appeals before filing a second challenge); Key, 205 F.3d at 774 (holding that a district court does not have jurisdiction to consider a successive petition until the appellate court grants authorization).[1]

## II. **Certificate of Appealability**

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Thus, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001).

Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it

---

[1] Alternatively, this petition was filed nearly five years after Dudley's parole was revoked in April 2015 and appears to be subject to dismissal as barred by the AEDPA one-year statute of limitation. See 28 U.S.C. § 2244(d) (imposing a one-year statute of limitation on petitions for habeas corpus).

3

debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, this Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue.

### III. ORDER

Based on the foregoing, it is hereby

**ORDERED** that Petitioner Antonio Dudley's petition is **DISMISSED** without prejudice as a successive petition; it is further

**ORDERED** that a certificate of appealability is **DENIED**; and

**ORDERED** that all pending motions are **DENIED as MOOT**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 21st day of March, 2020.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE